*In the right margin:* McGEHEE *v.* BROWN.

---

## BANK OF LOUISIANA *v.* CARL et al.

Where it is shown that there were two post-offices. one about three and a half or four miles from the residence of the endorser of a note but on the opposite side of a wide and rapid river, and the other about six miles from his residence but on the same side of the river, and it is not proved that he received his letters from either exclusively or uniformly, notice of protest sent by mail directed to the latter will be good. *Per Curiam :* The plaintiffs may have fairly considered the latter as the most convenient, and practically the nearest to the endorser's residence.

In the absence of evidence to justify it, the address of a notice of protest generally to the parish of the endorser's domicil, is not sufficient.

The stat. of 13 March, 1827, was intended to provide a convenient and permanent mode of proof of notice of protest; but not to change the rules of commercial law on the subject of notice.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *Brunot*, for the plaintiffs. '*A. M. Dunn*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. The appellants, *Carl* and *Mrs. Corcoran*, are sued as endorsers of a promissory note. The defence is, want of notice of non-payment. The notices to *Carl* were mailed at the post-office at Baton Rouge, addressed : one "East Baton Rouge; and one " East Baton Rouge, Port Hudson post office." *Carl* resided at the time of protest in the parish of East Baton Rouge, and about six miles below Port Hudson. There was at the time a post-office on the opposite side of the river and in a different parish, at what was called Devall's landing; this office was about three and a half or four miles from *Carl's* residence, but being on the opposite side of a wide and rapid river can scarcely be considered as an office more convenient to *Carl's* residence

BANK OF LOU-
ISIANA
*v.*
CARL.

than the Port Hudson office, which, although six miles distant, was on the same side of the river as the defendant's residence. The post-office at Devalls' landing appears to have existed about a year before the protest of the note. It also is proved that on some occasions *Carl* had sent to Devall's landing for letters. But it is not proved that he resorted to that office exclusively or uniformly, nor that the plaintiff's knew that that would have been the proper address. Under the circumstances, the plaintiffs, who have a right to notify the endorser by mail, may have fairly considered the Port Hudson office as the one most convenient and practically the nearest to the defendant's residence. Such would seem to have been the opinion of the district judge who must have been acquainted with the localities, and we do not feel at liberty to disturb his opinion.

The notices to *Mrs. Corcoran* were addressed : one "East Baton Rouge ;" and the other, "East Baton Rouge, Jackson, East Feliciana, post office." *Mrs. Corcoran* resided at the time in the parish of East Baton Rouge, about twenty-three miles from the town of Baton Rouge, about nine or ten miles from Port Hudson, and about fifteen miles from Jackson. Her plantation business was transacted at Port Hudson. That the Port Hudson office was the one to which she resorted for letters is inferrable from the testimony of a person who had corresponded with her.

In the absence of evidence to justify it, the general address to the parish of East Baton Rouge was bad. It is said that the notice was good, because the party actually resided in the parish of East Baton Rouge ; that therefore the notices confirmed to the litteral terms of the 2d section of the act of 1827, which provides, "that whenever such endorser shall not reside in the town or city where protest shall be made, then and in such case it shall be the duty of such notaries, or others acting as such, to put into the nearest post-office where such protest is made a notice of such protest to such endorser, &c., addressed to them at their domicil or usual place of residence." It has been very frequently held that the act of 1827 was intended to provide a convenient and permanent mode of proof of notice ; but not to change the rules of the commercial law upon the subject of notice. Those rules would be violated if we followed narrowly and strictly the mere letter of the statute, without regarding its spirit and intention. Nor do we think, as the case is presented, that we can hold her under the notice addressed to the Jackson office, which was more distant by several miles than the Port Hudson office. There is nothing before us to authorize the belief that she resorted to the more distant office, nor is there any showing of unsuccessful diligence on the part of the holder to ascertain the proper address.

It is therefore decreed that, as to the said *Carl*, the judgment be affirmed ; that, as to the said *Mrs. Corcoran*, it be reversed, and that there be judgment in her favor as in case of non-suit ; and that one-half of the costs of this appeal be paid by the plaintiff, and the other half by the said *Carl*.